UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ARTERIA BIBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:03-CV-189/1:00-CR-84 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Arteria Bibbs ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 1). Pursuant to the Court's Order (Court File No. 2), the Government filed a response to Petitioner's motion (Court File No. 3). Petitioner filed a reply (Court File No. 4; *see* Court File No. 5). After careful consideration of the motion and briefs and for the reasons discussed below, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence.[1]

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On July 11, 2000 Petitioner was indicted on four counts related to illegal drug activity and

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:00-CR-84, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

illegal possession of certain types of ammunition (Crim. Court File No. 1; Presentence Report ("PSR") ¶ 1). A few days later Petitioner appeared before Magistrate Judge William B. Carter with his counsel, David Ness, and entered a not guilty plea to all counts of the indictment (Crim. Court File No. 6). While awaiting trial, Petitioner spoke with Mr. Ness about how much prison time he was facing. Mr. Ness advised Petitioner the Sentencing Guidelines provided a possible sentence of 151-188 months if he would enter into a plea agreement with the Government (Court File No. 1, Brief, pp. 3-4, Exh. A). Petitioner entered into a plea agreement with the Government on August 14, 2000 (Crim. Court File Nos. 14, 15). Pursuant to the plea agreement, Petitioner pleaded guilty to possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) as charged in count three of the indictment (Crim. Court File No. 15, ¶ 1).

The factual basis in support of the guilty plea provides as follows:

On July 10, 2000, police officers executed a state search warrant for a residence at 203 West 34th Street, Chattanooga, Tennessee. The warrant was based on two previous controlled purchases from [Petitioner] at this location. The residence was occupied by [Petitioner] and his wife. As the warrant was executed, [Petitioner] attempted to run out the back door. Defendant was detained and read his rights.

The officers asked [Petitioner] where the cocaine was located inside the residence. [Petitioner] showed the officers a quantity of crack and marijuana in a kitchen drawer and claimed that there were no more drugs at the residence. He asked the officers not to arrest his wife and he agreed to write a statement admitting all the drugs were his if his wife was not arrested. No promises were made to [Petitioner] by the officers in this regard.

The search continued and the officers found additional evidence at the residence. Approximately 24 grams of crack cocaine, 80 grams of marijuana, digital scales, $2934 in cash, a box of .38 caliber ammunition, and a box of .44 caliber ammunition were seized by the officers. [Petitioner] told the police that the ammunition had been found by police officers during a previous search warrant but was not seized by the officers at that time. He also stated that the officers on the previous search had not found ammunition for an AK-47 he had. No ammunition for an AK-47 or the weapon itself was recovered from the instant search.

(Crim. Court File No. 13).

After Petitioner entered into the plea agreement, the Government filed a notice of intent to use a prior conviction to enhance Petitioner's punishment under 21 U.S.C. § 851 (Crim. Court File No. 12). On September 19, 2000, Petitioner was scheduled to be rearraigned (Crim. Court File No. 16). At the rearraignment hearing, Petitioner was represented by Attorney Rita LaLumia. Petitioner pleaded guilty to count three of the indictment (Crim. Court File No. 14). After Petitioner's rearraignment, he was represented by Attorney Anthony Martinez. Before Petitioner was sentenced, a Presentence Investigation Report ("PSR") was prepared. His base offense level was thirty-two under United States Sentencing Guidelines Manual ("U.S.S.G") § 2D1.1(c)(4) (PSR ¶ 20). However, it was determined Petitioner was a career offender and his career offender offense level was thirty-seven (PSR ¶¶ 28-30, 31-44). The career offender offense level was reduced by three levels for Petitioner's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) & (b) (PSR ¶ 26). Petitioner's criminal history category was VI (PSR ¶ 44). Thus, the Guideline range for imprisonment was 262 to 327 months (PSR ¶ 58).

After seeing his projected sentence was higher than what Mr. Ness had calculated, Petitioner told Mr. Martinez to withdraw his guilty plea and requested Mr. Martinez to make an *Apprendi* objection (Court File No. 1, Brief, pp. 10, 19). Mr. Martinez did not file a motion to withdraw Petitioner's guilty plea nor is there any record of Mr. Martinez raising an *Apprendi* objection.

On February 9, 2001 Petitioner's plea agreement was accepted by the Court and he was sentenced to 262 months imprisonment (Crim. Court File No. 17). A final judgment was entered on February 16, 2001 (Crim. Court File No. 19). Petitioner appealed his sentence to the United

3

States Court of Appeals for the Sixth Circuit ("Sixth Circuit").[2]  On direct appeal Petitioner was again represented by Mr. Martinez.  However, despite Petitioner's requests, Mr. Martinez did not seek to withdraw Petitioner's guilty plea or raise any *Apprendi* issues.  After Petitioner's grounds for appeal were rejected by the Sixth Circuit (Crim. Court File Nos. 23, 24), Petitioner filed a writ of certiorari with the United States Supreme Court which was denied on May 20, 2002 (Court File No. 1, Brief, Exh. M).

Petitioner mailed this Petition to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255 on May 19, 2003 and the Petition was received by the Clerk on May 23, 2003 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period.  28 U.S.C. § 2255(1).[3]

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show petitioner is not entitled to relief on the claims asserted.  Accordingly, the Court will decide the matter without an evidentiary

---

[2] On appeal Petitioner argued he was entitled to a downward departure pursuant to U.S.S.G. § 4A1.3.  This Sixth Circuit rejected this argument and affirmed this Court's decision. *United States v. Bibbs*, 23 Fed. Appx. 502 (6th Cir. 2001).

[3] 28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993).

## II. DISCUSSION

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Petitioner asserts he was denied ineffective assistance of counsel in violation of the United

5

States Constitution because:

> (1) Counsel advised Petitioner prior to his entering a guilty plea that his potential Guideline range was 151-188 months in part because counsel misunderstood and/or did not apply the applicable career offender provision of the Guidelines (Court File No. 1, Brief, p. 16);
>
> (2) Counsel did not raise an *Apprendi* issue at sentencing or on appeal (*Id.* at 19, 28); and
>
> (3) Counsel did not move to withdraw Petitioner's guilty plea at sentencing or on appeal (*Id.*)

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S.

6

at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The *Strickland* Court further held both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an

7

Case 1:03-cv-00189 Document 7 Filed 12/13/05 Page 7 of 16 PageID #: 9

> ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Petitioner has asserted he was provided with ineffective assistance of counsel in three primary ways. The Court will address each of these in turn.

### A. Guideline Range Advice

Petitioner first argues he was denied effective assistance of counsel when Mr. Ness advised Petitioner, before Petitioner entered a guilty plea, he may be subject to a sentence of 151-188 months, when in actuality Petitioner's Guideline range was 262-327 months. Petitioner claims Mr. Ness' prediction was faulty mostly because Mr. Ness did not apply or understand U.S.S.G. § 4B1.1 in making his Guideline prediction.

One court has noted "[b]ad advice about the length of a sentence rarely supports a finding of ineffective assistance of counsel." *United States v. Penn-Harris*, 2001 WL 34083519, at * 2 (C.D. Cal. Feb. 9, 2001). This is partly because an attorney's prediction about a possible sentence usually does not satisfy the deficiency prong of *Strickland*. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (stating "an attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of ineffective assistance of counsel claim" (citation omitted)). Here, Mr. Ness was clearly making a prediction. His notes outlining the possible guideline calculation contain the words "probably" and "possible" (Court File No. 1, Brief, Exh. A). Although Mr. Ness' calculation was ultimately wrong, it does not appear the calculation was made because

8

of Mr. Ness' lack of a good faith effort in discovering and analyzing relevant facts and discussing those facts with Petitioner. *See Id.* Therefore, Mr. Ness was not deficient in incorrectly predicting the sentence Petitioner would be subject to if he pleaded guilty. *See United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996) (finding counsel was not deficient in failing to factor in the defendant's status as a career offender). Although there are cases which hold a prediction that amounts to a "gross mischaracterization" is a basis for finding deficient performance, this case does not come close to those cases for the Court to find Mr. Ness' advice was below an objective standard of reasonableness. *See, e.g., Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir. 1986) (finding deficient performance when counsel advised his client a minimum statute applied and to avoid the statute defendant should plead guilty and if he pleaded guilty he may get probation. However, the minimum sentence statute by its own terms did not apply and the defendant was sentenced to life). There are a myriad of factors that go into the determination of the applicable guideline range. Some of those factors only come into play after a defendant pleads guilty. Thus, any prediction of the ultimate guideline range is usually inexact.

     Inaccurate advice about a possible guideline sentence is rarely a basis for an ineffective assistance of counsel claim because the prejudice prong of *Strickland* is seldom met. When a defendant decides to plead guilty he is told what the minimum and maximum term of imprisonment is under the applicable statutes and the defendant is provided with other information about the sentencing process. This information typically will eliminate any prejudice from an earlier estimate by counsel. *See, e.g., Gonzalez v. United States*, 33 F.3d 1047, 1051-52 (9th Cir. 1994) (stating "[t]he district court informed [defendant] of the maximum possible sentences...for the offenses to which he pleaded guilty. He responded affirmatively when asked if he was satisfied with [counsel's]

representation of him. As a result, [defendant] cannot claim he was prejudiced by [counsel's] alleged gross error in calculating the sentencing guidelines range and likely sentence").

In this case, Petitioner agreed in the plea agreement that "the Court will determine the appropriate sentence under the Sentencing Guidelines and that this determination will be based upon the entire scope of [Petitioner's] criminal conduct..." (Crim. Court File No. 15, Plea Agreement, p. 2). Also in the plea agreement, Petitioner acknowledged "[i]t is understood that the matter of sentencing is within the sole discretion of the Court" (*Id.*). Further, Petitioner was advised at the rearraignment hearing:

> COURT: Mr. Laymon, please advise [Petitioner] of the maximum punishment he faces for this offense.
>
> MR. LAYMON: The maximum punishment would be a minimum mandatory ten years to life in prison...and 8 years' supervised release.
>
> . . .
>
> COURT: Have you and your attorneys talked about how the sentencing guidelines might apply in your case?
>
> [PETITIONER]: Yes, sir.
>
> COURT: Do you understand that the Court will not be able to determine the guidelines sentence for your case until after a presentence report has been completed by the probation department....
>
> [PETITIONER]: Yes, sir.
>
> COURT: Do you understand that it is possible that if you have prior convictions those will increase your sentence under the sentencing guidelines?
>
> [PETITIONER]: Yes, sir.

(Crim. Court File No. 27, Sept. 21, 2003 Rearraignment Transcript, pp. 9-10). The above statements

10

combined with the plea agreement conclusively show Petitioner knew the Court, not his counsel, would determine his sentence. Further, it was clear the sentence could not be determined until a PSR was prepared. Moreover, Petitioner was well aware his prior convictions could enhance his sentence and he could possibly be sentenced to life imprisonment. Yet, Petitioner still pleaded guilty. Therefore, contrary to Petitioner's current representations, it is very unlikely that absent Mr. Ness' miscalculation Petitioner would not have pleaded guilty and demanded to go to trial. Thus, the second prong of *Strickland* has not been met by Petitioner. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

**B.** *Apprendi*

Petitioner argues his counsel was ineffective at sentencing and on appeal because no *Apprendi* objection was made. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held facts other than prior convictions which operate to increase the penalty for a crime beyond the statutory maximum must be included in the indictment and proven beyond a reasonable doubt. *Id*. at 490. Petitioner avers *Apprendi* was violated when the Court applied U.S.S.G. § 4B1.1. The Court believes Petitioner is arguing *Apprendi* applies to his case because the drug quantity amount was not determined by a jury and because his prior convictions enhanced his sentence. However, for the reasons discussed below, it is clear *Apprendi* does not apply in this case.

According to U.S.S.G. § 4B1.1, if a defendant has two prior qualifying convictions, and his present conviction meets the standards set forth in the section, then the defendant is considered a career offender. Section 4B1.1 sets a career offender offense level based upon the "offense statutory maximum." U.S.S.G. § 4B1.1. In this case, the statutory maximum used by the Court was life imprisonment under 21 U.S.C. § 841(b)(1)(B) because Petitioner had previously been convicted of

a crime of violence and a drug trafficking offense and the offense for which Petitioner was being sentenced involved drug trafficking. Thus, under the table in § 4B1.1 the offense level was thirty-seven. Petitioner argues his statutory maximum should have been forty years instead of life so his career offender base offense level under § 4B1.1 should have been thirty-four.[4] As a result of the Court's alleged error, Petitioner claims *Apprendi* was violated. As authority, Petitioner cites *United States v. Gilliam*, 255 F.3d 428, 435-37 (7th Cir. 2001), in which the United States Court of Appeals for the Seventh Circuit held *Apprendi* was violated when the district court applied § 4B1.1 based on a maximum sentence which was enhanced by a drug quantity amount which was not alleged in the indictment nor found by a jury beyond a reasonable doubt. However, unlike *Gilliam*, Petitioner agreed to the drug quantity in the plea agreement. *Apprendi* does not apply to facts to which a defendant agrees. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). Therefore, *Apprendi* does not apply to Petitioner's case based on the drug quantity issue. Further, to the extent Petitioner is challenging the enhancement of his statutory maximum based on his prior convictions, his *Apprendi* argument also fails. As already stated, *Apprendi* applies to facts *other than prior convictions*. *Apprendi*, 530 U.S. at 490. Therefore, counsel was not deficient in failing to raise an *Apprendi* objection at sentencing or on appeal nor was Petitioner prejudiced by counsel's failure. Accordingly, the Court will **DENY** Petitioner's request for relief based on alleged *Apprendi* violations.

---

[4] Petitioner also claims the offense level calculation under U.S.S.G. § 4B1.1 was incorrect because his sentence was never enhanced pursuant to 21 U.S.C. § 851 (Court File No. 1, Brief, p. 25; Court File No. 4, pp. 6-7). Petitioner contends his offense level under U.S.S.G. 4B1.1, without the enhancement, should have been thirty-four instead of thirty-seven. *See* U.S.S.G. 4B1.1. Petitioner is mistaken. His sentence was clearly enhanced, so the correct offense level under U.S.S.G. § 4B1.1 is thirty-seven (PSR, p. 1, ¶¶ 28, 34, 38; *see* Judgment, Statement of Reasons). *See* 21 U.S.C. 841(b)(1)(B); U.S.S.G. § 4B1.1.

### D. Withdrawal of Guilty Plea

Petitioner contends he received ineffective assistance of counsel when Mr. Martinez did not move to withdraw Petitioner's guilty plea at sentencing and on appeal. Petitioner argues his guilty plea was entered involuntarily because of Mr. Ness' faulty calculations. Challenges to guilty pleas based upon ineffective assistance of counsel are governed by the two-part *Strickland* test. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). Thus, Petitioner must demonstrate counsel's performance fell below an objective standard of reasonableness and there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (*i.e.*, he would not have pleaded guilty). *Id.* at 58-59, 106 S. Ct. at 370; *see also Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

Counsel's failure to challenge Petitioner's guilty plea at sentencing and on appeal did not fall below an objective standard of reasonableness. Mr. Ness merely made a prediction about the possible length of Petitioner's sentence. Such a prediction does not go to the voluntariness of the guilty plea, especially when Petitioner was made aware of the statutory maximum sentence and was aware the appropriate sentence was within the full discretion of the Court, not Petitioner's attorney. Further, at the rearraignment hearing, the Court asked Petitioner "[d]o you understand that if the sentence you receive is more severe than what you expect you will still be bound by your plea and will have no right to withdraw from your plea?" (Crim. Court File No. 27, Setp. 21, 2003 Rearraignment Transcript, p. 11). Petitioner responded, "Yes, sir" (*Id.*). Petitioner also represented at the rearraignment hearing he had not been threatened or forced to plead guilty (*Id.* at p. 6). Lastly, at the sentencing hearing after stating he had an adequate opportunity to review the PSR and knowing his Guideline range was greater than 188 months, Petitioner did not even hint to the Court

13

he wanted to challenge his guilty plea when he was given a chance to address the Court (*See* Crim. Court File No. 22, Feb. 9, 2001 Sentencing Transcript pp. 10-15).

Further, Petitioner's argument has been rejected by several other courts. *See, e.g., United States v. Ford*, 15 Fed. Appx. 303, 308 (6th Cir. 2001) (stating "[u]nfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary" (citations omitted)); *United States v. Kerns*, 53 Fed. Appx. 863, 866 (10th Cir. 2002) (holding an attorney's promise of a forty-eight month sentence when the defendant actually received a ninety-six month sentence did not affect the voluntariness or validity of the defendant's guilty plea or waiver); *United States v. Miranda*, 1999 WL 972156, at *1 (8th Cir. Oct. 22, 1999) (rejecting defendant's "claim that he should have been able to withdraw his guilty plea" just because his final sentence was greater than expected); *United States v. Rhodes*, 913 F.2d 839, 842-43 (10th Cir. 1990) (holding an attorney's miscalculation of a maximum possible sentence of five years under the Sentencing Guidelines did not make the guilty plea involuntary even though defendant was actually faced with 210-240 months); *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding an erroneous prediction of a sentence does not render a guilty plea involuntary). Thus, even if a challenge had been made at sentencing or on appeal it most likely would have been rejected. Therefore, it is clear counsel's alleged refusal to challenge Petitioner's guilty plea was not below an objective standard of reasonableness and Petitioner was not prejudiced thereby. Accordingly, the Court will **DENY** Petitioner's requested relief on this ground.

### III. CONCLUSION

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were

14

not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[5] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v.*

---

[5] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

*Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**